# **EXHIBIT 1 – Settlement Agreement**

# SETTLEMENT AGREEMENT
# AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims ("Agreement") covers all understandings between Craig Copeland, Francis White and Wesley Thompson ("collectively Plaintiffs") and SAWA Transportation, Inc. ("Defendant").

### Recitals

A. Whereas, on or about August 5, 2016, Plaintiffs, via their attorney, sent a demand letter to SAWA Transportation, Inc. c/o Teweldemedhin Gebremeskel. The demand letter claimed that Plaintiffs were current or former employees of Defendant who were denied overtime pay under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("the FLSA").

B. Whereas, the parties (via Counsel) reviewed, debated, discussed and negotiated the Plaintiffs' claims for overtime compensation, liquidated damages and attorneys' fees and costs, and these negotiations have resulted in the instant Agreement.

C. Plaintiffs will institute a civil action in the United States District Court for the Northern District of Georgia, claiming FLSA violations ("the Lawsuit") against Defendant. This Agreement is contingent upon the Court's approval of its terms.

D. Plaintiffs and Plaintiffs' Counsel have concluded, based upon their investigation, and taking into account the sharply contested factual and legal issues involved, the expense and time necessary to prosecute this matter, the risks and costs of further prosecution of this matter, the uncertainties of complex litigation and the substantial benefits to be received pursuant to this Agreement, that a settlement with Defendant on the terms set forth herein is fair, reasonable and adequate, and in Plaintiffs' best interest. Plaintiffs and Plaintiffs' Counsel have agreed to settle this matter with Defendant on the terms set forth herein.

E. Defendant denies each of the claims asserted against it and makes no admission whatsoever of liability. Defendant nevertheless desires to settle this matter, on the terms set forth herein, for the purpose of avoiding the burden, expense and uncertainty of litigation, and for the purpose of putting to rest the controversies engendered by the matter.

### Agreement

1. **Release** Plaintiffs, their heirs, successors and assigns release any and all claims they have, or may have, against the following: SAWA Transportation, Inc., its affiliates, parent companies, subsidiaries, officers, directors, current or former owners, managers, employees, independent contractors, directors, partners, insurers, associates, trustees, agents, attorneys, predecessors, successors and

1

assigns, Teweldemedhin Gebremeskel, Wanda Benjamin and SAWA Trucking, Inc. ("Releasees"). This Release includes, but is not limited to, a release of any and all FLSA claims, including claims for unpaid overtime, liquidated damages, costs, attorneys' fees and retaliation claims. These claims include all claims that were or could have been raised in the Lawsuit.

2. **Consideration** Defendant will pay a total of $20,000 to Plaintiffs for settlement of Plaintiffs' claims. All payments are contingent on Court approval of this Agreement. $10,000 will be due to Plaintiffs within 10 days of the Court's approval of this Agreement. $10,000 will be due to Plaintiffs within 10 days of Defendant's first payment. There will be no penalty if Defendant accelerates the payments. The total of $20,000 in payments will be as follows: (A) $5,625 to Plaintiff Copeland; (B) $5,250 to Plaintiff White; (C) $1,125 to Plaintiff Thompson; and (D) $8,000 to Mays & Kerr for Plaintiffs' attorneys' fees and costs. The payments will cause Defendant to issue Form 1099 to Plaintiffs who agree to bear any tax liability for the payments. Defendant will send the payments to Plaintiffs' Counsel's office on or before the due dates described in this Paragraph. Within 10 days of the Court's approval of this Agreement, Defendant shall pay to Plaintiffs' counsel $400.00 to reimburse Plaintiffs' counsel for the cost of initiating this lawsuit. Other than the consideration described in this Paragraph, each party will bear its own attorneys' fees and costs.

3. **Dismissal with Prejudice** Plaintiffs agree to file a joint stipulation of dismissal with prejudice with the Court within five (5) days of receipt of final payment of all settlement proceeds by Plaintiffs counsel. Plaintiffs agree to seek no payments except those indicated in Paragraph 1 of this Agreement. Plaintiffs further represent that they have no claims against Releasees, other than the FLSA claims raised in the Lawsuit.

4. **Full and Final Agreement** Plaintiffs represent that this Agreement represents the full and final agreement between the Parties and that no other Agreement has been made between Defendant and the Parties. Plaintiffs also acknowledge that they have had the opportunity to consult with their chosen attorney, Dustin L. Crawford, with Mays & Kerr, before entering into this Agreement.

5. **Counterparts** This Agreement may be signed in counterparts (each party signing a separate copy to facilitate obtaining signatures). Nevertheless, it will have the same effect as if the Parties had all signed the same copy.

*[signature page to follow]*

_____ February ___, 2017.
Craig Copeland


_____ February ___, 2017.
Francis White


_____ February ___, 2017.
Wesley Thompson



_____
SAWA Transportation, Inc.
By Teweldemedhin Gebremeskel